**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION at CINCINNATI**

**Debtor(s) Name <u>Stacey L. Camp</u>**             **Case No. <u>10-17284</u>**

**Debtor(s) Name <u>Robbin R. Camp</u>**

**FIRST AMENDED CHAPTER 13 PLAN (Form dated SEPT. 2009)**

**Debtor(s) are eligible for discharge under Section 1328(f).**

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**
**A. MEDIAN INCOME**
**ABOVE MEDIAN INCOME**

Current monthly income (CMI) $8,743.61 minus means test expenses (IRS amounts) $9,252.19 = Disposable income (D/I) $-508.58

D/I (line 59 of the means test) $ -508.58 TIMES 60 = $0

**B. PLAN PAYMENT**
The debtor(s) shall pay to the Trustee all projected disposable income in the amount of $500.00 each month for approximately 60 months, but not to exceed five (5) years.

If case is determined to be 'under 36 months' the Trustee will serve a notice upon debtor and Counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

**C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT**
This is a percentage plan. The percentage is 2%.

The liquidation percentage for this plan is 0% and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greater.

Liquidation percentage per 11 U.S.C. section 1325(a)(4)
(Equity) $0 divided by (unsecured debt) $97,232.00 equals (Liquidation plan percentage) 0%.

D/I (line 59 of the means test) $ -508.58 TIMES 60 = $0

**D. PAYROLL DEDUCTION**

The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.
Employer is: (Name of Employer)
Smurfit Stone

Until the payroll order begins debtors(s) MUST make payments by certified check or money order to:

P.O. Box 290
Memphis, TN 38101-0290

Debtor(s)' full name, case number and address must be on all certified checks or money orders.

If Debtor(s) are employed, Debtor(s)' Counsel has uploaded an Order for payroll with the filing of this Chapter 13.  Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

**2.     EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

**3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order.  See Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments.

**4. ATTORNEY FEES:**
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus

any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then $200.00 every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

**5. ADEQUATE PROTECTION PLAN DISBURSEMENTS -**
This section is not applicable.

**6. SECURED CLAIMS 1325 (a)(5)(B)(ii)**
Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

**7. PMSI/Automobiles: 910 days**
This section is not applicable.

**8. VALUATION: (Cramdown)**

| 11 U.S.C. Section 506 | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| **1Beneficial** | **$222.00** | **$7,915.24** |

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC Section 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

**9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**
This section is not applicable.

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| | Creditor | Monthly Payment | Amount of Default to be Cured | Interest Paid (Y/N) |
|---|---|---|---|---|
| 1 | **Residential Credit** | **$25.00** | **$900.00** | **N** |
| 2 | **Bank of America** | **$28.00** | **$1100.00** | **N** |

Arrearage claim
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the Plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to debtor(s)' objections thereto).

**11. MORTGAGE CLAIMS**
**This section is not applicable.**

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE**
Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| **Chase Home Finance** | **$1,721.59** | **October, 2010** |
| **Residential Credit** | **$856.20** | **November, 2010** |
| **First Franklin** | **$1,053.94** | **November, 2010** |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

Apartment leases – Debtor is the creditor – All month to month - ASSUME

**14.    POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise.  Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a

declining monthly balance on the amount of the allowed secured claim in an amount of 4.75%. This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

## 16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)

The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

## 17. TAX RETURNS AND REFUNDS

Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

## 18.     TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

## 19.     SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

## 20. CASUALTY LOSS INSURANCE PROCEEDS

All insurance proceeds must be turned over to the Trustee unless the debtor(s)' Counsel files a motion to retain proceeds.

### Substitution of Collateral

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the
secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the

Trustee will continue to pay the secured claim.

### 21. STUDENT LOANS
Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| Creditor | Percentage Paid |
|---|---|
| **JPMC** | **2%** |
| **National College** | **2%** |
| **US Dept of Educ** | **2%** |

### 22. SURRENDER OF COLLATERAL
If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

### 23. DISCHARGE - 11 U.S.C. Section 1328
Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

### 24. AUTOMATIC STAY:
Stay is in effect as to all property of the estate unless this plan indicates otherwise.

### 25. CO-SIGNERS
This section is not applicable.

### 26. DEFAULT AND WAIVER
Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

### 27. MODIFICATION
After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, debtor(s) must file a motion to modify and attach an amended plan.

## 28. NOTICES
Notice to all parties shall be made by regular mail or electronically.

## 29. CONFIRMATION
The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. section 521 have been fulfilled or the debtor(s) have requested an order from the Court.

## 30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)
**This plan is the standard plan for Cincinnati.**

Respectfully Submitted,

/s/ Rebecca S. Lindner
Rebecca S. Lindner
5451 North Bend Road, Suite 105B
Cincinnati OH  45247
Phone: 513/741-9738
Fax: 513/741-0158
rllape@fuse.net

I declare under penalty of perjury that the information in this plan is true and correct.


Date <u>December 1, 2010</u>           <u>/s/ Stacey L. Camp</u>
                                            Debtor(s)


Date <u>December 1, 2010</u>           <u>/s/ Robbin R. Camp</u>
                                            Debtor(s)

## CERTIFICATE OF SERVICE

      I hereby certify that on December 1, 2010, a copy of the foregoing First Amended Chapter 13 Plan was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

    US Trustee
    Margaret A Burks, Chapter 13 Trustee

and on the following by ordinary US Mail addressed to:

ACB American, Inc
P.O. Box 2548
Cincinnati, OH 45201

Alliance Primary Care
PO Box 634851
Cincinnati, OH 45263-4851

Anesthesia Assoc. of Cinti., Inc
PO Box 631677
Cincinnati, OH 45263

Bank of America Home Loans
PO Box 10222
Van Nuys, CA 91410-0222

Beneficial Financial Inc
PO Box 10490
Virginia Beach, VA 23450

CBCS
PO Box 165025
Columbus, OH 43216-5025

Central Tr
Attn: Collection Unit
2730 Liberty Avenue
Pittsburgh, PA 15222

Chase Home Finance LLC
3415 Vision Drive
Columbus, OH 43219-6009

Christ Hospital
2139 Auburn Avenue
Cincinnati, OH 45219

Cincinnati Eye Institute
PO Box 633854
Cincinnati, OH 45263-3854

Cincinnati Head and Neck Inc.
2123 Auburn Avenue
Ste 208
Cincinnati, OH 45219

Coast 2 Coast Financial Solutions
PO Box 2092
Thousand Oaks, CA 91358-2092

Controlled Credit Corporation
3687 Warsaw Avenue
P.O. Box 5154
Cincinnati, OH 45205

Department Stores National Bank Visa
Bankruptcy Processing
PO Box 8053
Mason, OH 45040

GEMB/JC Penney
PO Box 981131
El Paso, TX 79998

Greater Cincinnati Path, Inc
Dept 631104
Cincinnati, OH 45263-1104

Home Depot
PO Box 105980 Dept 51
Atlanta, GA 30353-5980

Hyde Park Internists, Inc.
2727 Madison Rd
Cincinnati, OH 45209

Javitch, Block, & Rathbone PLL
1100 Superior Ave,
19th Floor
Cleveland, OH 44114

JPMC
3900 Westerre Parkway
Henrico, VA 23233

Lisa Larkin MD LLC
1315 Solutions Center
Chicago, IL 60677

Manley Deas Kochalski
P.O. Box 165028
Columbus, OH 43216

Mercy Health Partners
PO Box 630804
Cincinnati, OH 45263-0804

National College
1 Citizens Drive
Riverside, RI 02915

Ohio Bureau of Workers' Compensation
Corporate Processing Dept
Columbus, OH 43271-0977

PNC Bank
PO Box 94982
Cleveland, OH 44101

Professional Radiology Inc.
PO Box 630110
Cincinnati, OH 45263-0110

Quest Diagnostics
PO Box 740810
Cincinnati, OH 45274

Rachelle Boudreau DDS
11333 Springfield Pike
Cincinnati, OH 45246

Reisenfeld & Associates
3962 Red Bank Road
Cincinnati, OH 45227

Residental Credit Solutions
4282 N. Freeway
Fort Worth, TX 76137

Sears/Citi
8725 W. Sahra Ave
MC 02/02/03
The Lakes, NV 89163

Social Security Administration
600 West Madison St.
Chicago, IL 60661

US Dept of Education
PO Box 530260
Atlanta, GA 30353

Village of Golf Manor
6450 Wiehe Road
Cincinnati, OH 45237-4216

Visa DSNB
911 Duke Blvd
Mason, OH 45040

WfNNB/VS
PO Box 182128
Columbus, OH 43218-2128

    /s/ Rebecca S. Lindner
    Rebecca S. Lindner